McMichael v. Brennan.

---

WILLIAM McMICHAEL

v.

JOHN B. BRENNAN and wife and others.

1. An omission of the names of the parties from an unsworn answer, made by mistake of the solicitor,—*Held*, amendable, under the circumstances, after replication and testimony in behalf of the parties for whom it was put in as a mere pleading.

2. A resolution of a corporation authorizing the acceptance of a conveyance of lands on which the corporation held a mortgage, in satisfaction of the mortgage,—*Held*, valid, although no entry thereof was ever made on the minutes, and the secretary did not remember the fact of its passage, it being satisfactorily proved otherwise.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. E. E. Green* and *Mr. B. Gummere*, for complainant.

*Mr. S. D. Dillaye*, for defendants.

McMichael v. Brennan.

THE CHANCELLOR.

The complainant is the receiver of the Penn Fire Insurance Company, late a corporation under the laws of Pennsylvania, but dissolved in October, 1876, by judicial proceedings in insolvency in the court of common pleas of Philadelphia. He brings this suit to foreclose a mortgage given by Joel R. James and wife to Anthony Smith, dated May 20th, 1873, upon land in Burlington county, to secure the payment of $3,000 and interest. The mortgage was assigned by Smith, May 30th, 1873, to John B. Brennan by whom it was assigned, June 24th, 1874, to Samuel Prior, who assigned it, October 28th, 1874, to the company. The company, by a deed of assignment made for the benefit of its creditors, dated March 2d, 1876 (but not accepted until the 11th of that month), assigned to the complainant all its property, securities, effects and assets of every description. Subsequently, and in October following, the complainant was appointed receiver in the proceedings before mentioned. By order of the court by which he was appointed, made December 15th, 1876, he, as assignee, transferred all the property and assets assigned to him by the company, to Charles L. Gompert, by assignment dated January 18th following, and Gompert, on the same day, transferred them to him as receiver. The mortgaged premises were conveyed by James (the mortgagor) and his wife, by deed dated June 26th, 1874, to Brennan. The deed purports to convey the property subject to the mortgage, and it contains a covenant on the part of Brennan, assuming and agreeing to pay it. It appears that Brennan and his wife, by deed dated February 29th, 1876, conveyed the property to the company for a nominal consideration, subject to the mortgage which the company thereby assumed and agreed to pay as part of the purchase-money. Mary Raybold, executrix &c. of Joshua Raybold, deceased, on the 17th of February, 1877, issued an attachment out of the supreme court of this state, against the estate of the company, which was executed upon the premises by the sheriff of Burlington, nine days after-

McMichael v. Brennan.

wards, and judgment has been entered in the attachment proceedings in favor of the plaintiff and other creditors of the company who have come in. The bill prays that the lien of the mortgage may be established, and an account taken of the amount due; that any deed of the premises to the company may be declared void, and be cancelled accordingly; that the attachment may be declared of no effect; that Brennan and his wife may be decreed to pay the money which may be found to be due on the mortgage, and that, in default thereof, a foreclosure and sale may take place, and that Brennan may be decreed to pay any deficiency. It prays answer without oath.

There are two answers. One is by Brennan, and the other appears to have been put in by defendants impleaded with him, but the names of those by whom it was put in are omitted, manifestly by mistake. The answer of Brennan sets up the deed to the company as a merger of the mortgage, and denies his liability under the assumption in the deed from James to him, alleging that he never, in fact, was the owner of the property, and was not aware that a conveyance of the premises had been made to him until after it was done, and that he conveyed the property to the company at the request of the agent of the company, and merely because he was informed that the title stood in his name on record, though he disclaimed any ownership of the property.

The other answer, among other things, sets up the deed to the company, and insists upon the validity of the attachment and claims, for the plaintiff therein, and the other creditors who have come in thereunder, the benefit of it. To that answer, as well as to the answer of Brennan, a replication was filed. To the former the replication is entitled as the " replication to the joint answer of defendants to the bill &c." An appearance was entered in the cause for the plaintiff in the attachment and the creditors who applied thereunder, by the solicitor by whom that answer is signed, and it is extremely probable that the answer was

McMichael *v.* Brennan.

intended to be theirs. A decree *pro confesso* was entered against them several months before the filing of the replication. No objection is made to the answer, however, on the ground that it was filed irregularly, but it is insisted by the counsel of the complainant that it should, for the defect before mentioned, be disregarded as being a mere nullity.

The call of the bill for answer being for an answer without oath, and the evidence adduced to support that answer having been admitted without objection, so that the attention of the solicitor of the defendants for whom the answer was put in was not drawn to the fact that the names are not in the answer until the hearing, and the answer being in this case a mere pleading, an amendment would, under the circumstances, be permitted.

But the view I take of the case renders it unnecessary to deal with any matters except those set up in the answer of Brennan. If the deed to the company is held to be valid, the bill must be dismissed. That deed is proved to have been in the possession of the company when the receiver was appointed. It is brought into court by him. It is proved to have been obtained by an agent of the company on application to Brennan, and a request on the part of the agent to him to execute it in order to give the company absolute title to the property. The authority of the agent is fully proved. The passage of a resolution by the board of directors, giving authority to take the deed, is shown, and the contents of the resolution are proved. That it cannot be found in the minutes, and the secretary does not remember that it was passed or offered, cannot countervail the positive testimony of the president and two other members of the board, and the attorney of the company (it was drawn by him), that it was adopted. The deed itself is corroborative of their testimony. And so is the fact of the payment of the bill of the agent (who was a conveyancer), for his services and disbursements in obtaining other deeds under the. resolution, and his recovery of a judgment against the company. for

his compensation and disbursements for obtaining the deed from Brennan with some other deeds.

The president swears that he gave the agent authority to get the deed from Brennan. Nor is there any proof whatever to the contrary. That the secretary should not, at the distance of over two years and a half from the time of the meeting, recollect a resolution which, probably, was not entered on the minutes, because it escaped his notice, is not surprising. Not only is there no proof of fraud, but there is no ground for any imputation of fraud, nor is any fraud alleged. The action of the board in the matter appears, it may be remarked, to have been careful, circumspect and very judicious. It was not only in accordance with the advice of the company's counsel, but it was manifestly strictly in accordance with the interest of the company.

The bill will be dismissed, with costs.